## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

| | |
|---|---|
| **CRYSTAL MARTIN and VICKIE TIRABOSCHI**<br>Plaintiffs, | )<br>)<br>)<br>) |
| v. | )<br>) **Case No.:** |
| **TRANSWORLD SYSTEMS, INC;**<br>**EGS FINANCIAL CARE, INC;**<br>**ROOSEN, VARCHETTI, &**<br>**OLIVIER - GA PLLC; and**<br>**BRANNON W. CARSON**<br>Defendants. | )<br>)<br>)<br>)<br>)<br>) |

### Complaint for Damages

Plaintiffs Crystal Martin and Vickie Tiraboschi ("Plaintiffs") file their Complaint for Damages against the Defendants Transworld Systems, Inc.; EGS Financial Care, Inc; Roosen, Varchetti, & Olivier - GA PLLC, and Brannen W. Carson ("Defendants") for their willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereinafter "FDCPA").

Defendants have engaged in a systemic practice of abusing unsophisticated consumers by filing lawsuits seeking to recover for student loans in the name other than the real party at interest and filing the same lawsuits when Defendants lacked any proper documentation to bring such a suit.

## Jurisdiction

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.      This Court has subject matter jurisdiction of claims arising under the FDCPA which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

4.      Venue is proper in this Court because the acts and transactions occurred in this District, Plaintiff resides in this District, and the Defendants regularly seek to collect from consumers residing in this District and in the Dublin Division.

## Parties

5.      Crystal Martin is a natural person residing in Eastman, Georgia, which is located in Dodge County, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6.      Vickie Tiraboschi is a natural person residing in Eastman, Georgia, which is located in Dodge County, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

## Defendant Transworld Systems, Inc.

7.     Defendant Transworld Systems, Inc (TSI) is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.     Summons and Complaint may be served on Defendant TSI by service on its registered agent for service of process in Georgia, CT Corporation System at 289 S Culver St, Lawrenceville, GA, 30046-4805, USA, or wherever they may be found.

9.     Defendant TSI directed communications to Plaintiffs using means of interstate commerce while Plaintiffs resided in Georgia and in this judicial district.

10.    Defendant TSI uses the mails and interstate commerce in the collection of consumer debts regularly.

11.    Defendant TSI regularly contacts consumers and attempts to collect debts from consumers residing in this judicial district.

## Defendant EGS Financial Care Inc

12.    Defendant EGS Financial Care Inc (EGS) is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.    Defendant EGS is also known as NCO Financial Systems Inc.

14.    Defendant EGS is formerly known as NCO Financial Systems Inc.

15. Defendant EGS is NCO Financial Systems Inc.

16. Summons and Complaint may be served on Defendant EGS by service on its registered agent for service of process in Georgia, Corporation Service Company at 40 Technology Parkway South, #300, Norcross, GA, or wherever they may be found.

17. Defendant EGS directed communications to Plaintiffs using means of interstate commerce while Plaintiffs resided in Georgia and in this judicial district.

18. Defendant EGS uses the mails and interstate commerce in the collection of consumer debts regularly.

19. Defendant EGS regularly contacts consumers and attempts to collect debts from consumers residing in this judicial district.

## Defendant Roosen, Varchetti, & Olivier - GA PLLC

20. Defendant Roosen, Varchetti, & Olivier - GA PLLC (RVO) is a debt collection law firm operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. Defendant RVO is also known as Roosen, Varchetti, & Olivier, PLLC.

22. Defendant RVO is Roosen, Varchetti, & Olivier, PLLC.

23.     Summons and Complaint may be served on Defendant RVO by service on its registered agent for service of process in Georgia, Matthew Peterson at 1863 Grandview Cir, Atlanta, GA, 30316, or wherever they may be found.

24.     Defendant RVO directed communications to Plaintiffs using means of interstate commerce while Plaintiffs resided in Georgia and in this judicial district.

25.     Defendant RVO uses the mails and interstate commerce in the collection of consumer debts regularly.

26.     Defendant RVO regularly contacts consumers and attempts to collect debts from consumers residing in this judicial district.

### Defendant Brannon W. Carson

27.     Defendant Brannon W. Carson (Carson) is a debt collection attorney operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

28.     Summons and Complaint may be served on Defendant Carson by personal service at 10 Blue Jay Drive, Covington, GA, 30016, or wherever he may be found.

29.     Defendant Carson directed communications to Plaintiffs using means of interstate commerce while Plaintiffs resided in Georgia and in this judicial district.

30.     Defendant Carson uses the mails and interstate commerce in the collection of consumer debts regularly.

31.     Defendant Carson regularly contacts consumers and attempts to collect debts from consumers residing in this judicial district.

32.     Defendant Carson was an employee of Defendant RVO for all periods of time relevant to this action.

33.     Defendant Carson acted on behalf of Defendants TSI, EGS, and RVO for all periods of time relevant to this action.

## Statutory Scheme

## The Fair Debt Collection Practices Act

34.     Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

35.     Debt is a big business in America. In the first quarter of 2017, U.S. household debt exceeded 12.73 trillion dollars.[1] This number exceeds the gross

---

[1] *Household Debt Makes a Comeback in the U.S.*, New York Times (May 2017) accessed on Mar. 4, 2018 at https://www.nytimes.com/2017/05/17/business/dealbook/household-debt-united-states.html

domestic product of China.[2] Approximately 44 million borrowers owe 1.5 trillion dollars in student loan debt.[3]

## Facts Common to All Counts

36.     Plaintiffs are alleged to have incurred a financial obligation ("Debt") on or about August 30, 2006 with Bank of America.

37.     The Debt is alleged to have arisen from one or more transactions.

38.     The Debt was primarily for personal, family, or household purposes.

39.     The Debt was ostensibly for an unknown individual named Amber Martin to attend the University of Tennessee-Knoxville.

40.     Neither Plaintiff has ever enrolled, attended, or obtained loans to attend the University of Tennessee-Knoxville.

41.     Plaintiff Martin has never gone by the name "Amber Martin."

42.     Plaintiff Martin has never resided in Lawrenceville, Georgia.

43.     Plaintiff Martin has never guaranteed a loan for any person known as "Amber Martin."

44.     Plaintiff Tiraboschi has never gone by the name "Raechel Hunt."

---

[2] *In Debt We Trust for U.S. Consumers With $12.7 Trillion Burden*, Bloomberg (Aug. 2017) accessed on Mar. 3, 2017 at https://www.bloomberg.com/news/articles/2017-08-10/in-debt-we-trust-for-u-s-consumers-with-12-7-trillion-burden
[3] *Student Loan Debt Statistics In 2018: A $1.5 Trillion Crisis*, Forbes Online (Jun. 2018) accessed on Dec. 24, 2018 at https://www.forbes.com/sites/zackfriedman/2018/06/13/student-loan-debt-statistics-2018/#7bd1c3277310

45.     Plaintiff Tiraboschi has never guaranteed a loan for any person known as "Amber Martin" residing in Lawrenceville, Georgia.

46.     Defendant TSI is a wholly owned subsidiary of Defendant EGS.

47.     Defendants EGS and TSI act in concert to collect debts on behalf of Defendant EGS.

48.     At all times relevant herein, Defendant TSI and its agents for collection including (without limitation) Defendants RVO and Carson were working for the benefit and at the request of Defendants EGS.

49.     Defendants EGS and TSI retained Defendants RVO and Carson to file collection lawsuits against consumers residing in the State of Georgia like Plaintiffs herein.

50.     Defendant Carson filed thousands of lawsuits each year on behalf of Defendant TSI while working for Defendant RVO.

51.     Defendants EGS and TSI retained Defendants RVO and Defendant Carson to bring an action to collect an alleged student loan debt against Plaintiffs in the Superior Court of Dodge County.

52.     A true and accurate copy of the collection action is attached hereto as Exhibit "A."

53.     Defendants brought the action in the name of an express trust, to wit, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3 as plaintiff.

54.     Defendants did not bring the action in the name of the Owner trustee.

55.     Defendants were aware of the identity of the Owner trustee by virtue of the attachments to the collection action filed by the Defendants.

56.     Defendants did not bring the collection action in the name of the Wilmington Trust Company.

57.     Defendants did not bring the collection action in the name of a successor to the Wilmington Trust Company.

58.     Georgia law, at OCGA § 53-12-25(a), provides: "Transfer of property to a trust shall require a transfer of legal title to the trustee."

59.     On September 18, 2017, the CFPB filed a *Complaint for Permanent Injunction and Other Relief* (Document 1) against the National Collegiate Student Load Trust 2007-3, among others, in the United States District Court of Delaware, Case Number 1:17-cv-01323 (hereafter the "CGPB legal action").

60.     Document 1 in the CFPB legal action is publicly available via PACER.

61.     Document 1 in the CFPB legal action is by this reference incorporated as if fully set forth here.

62.     On September 18, 2017, the CFPB filed a proposed *Consent Judgment* in the CFPB legal action. Document 3-1.

63.     Document 3-1 in the CFPB legal action is publicly available via PACER.

64.     Document 3-1 in the CFPB legal action is by this reference incorporated as if fully set forth here.

65.     On September 22, 2017, "Objecting Noteholders" filed a *Notice of Appearance by Objecting Noteholders and Request to Intervene for the Limited Purpose of Objecting to the Proposed Consent Judgment*, Document 11, in the CFPB legal action.

66.     Document 11 in the CFPB legal action is publicly available via PACER.

67.     Document 11 in the CFPB legal action is by this reference incorporated as if fully set forth here.

68.     The Objecting Noteholders claim ownership in the promissory notes which are the subject of the CFPB legal action against the National Collegiate Student Loan Trust 2007-3.

69.     The Objecting Noteholders claim ownership in the promissory note which is the subject of the collection action against Crystal Martin and Vickie Tiraboschi.

70.     The documents annexed to the complaint in the collection action fail to establish a chain of title to the promissory note from an originating creditor to the plaintiffs named in the collection action.

71.     Neither Defendants TSI, EGS, RVO, or Brannen possessed the necessary documents to prove the chain of titles to the plaintiff in the collection action.

72.     The necessary documents to prove the chain of title to the plaintiff in the collection action do not exist.

73.     Defendants, in the collection action, misrepresented to the Dodge County Superior Court and to Crystal Martin and Vickie Tiraboschi, the name of the real party in interest.

74.     Defendants did not possess the necessary documents to prove any chain of title in the collection action.

75.     Defendants could not obtain the necessary documents to prove any chain of title in the collection action.

76.     The necessary documents to prove the chain of title in the collection do not exist.

77.     Defendants RVO and Carson file thousands of lawsuits each year for the other named Defendants.

78.     As evidenced by the filings in the collection action, Defendants RVO and Carson do not ensure there is meaningful attorney involvement in the preparation, review, or filing of collection actions.

79. Defendants NCO and TSI are aware and implicitly approve of the lack of attorney involvement by continuing to use Defendants RVO and Carson despite knowing there is no meaningful attorney involvement.

80. Defendants sued these Plaintiffs for the debt of Amber Martin and Raechel Hunt.

81. These Plaintiffs are not Amber Martin and/or Raechel Hunt.

82. These Plaintiffs are not guarantors for Amber Martin and/or Raechel Hunt.

83. The collection action is filed in the name of National Collegiate Student Loan Trust 2007-3 and, by contrast, the attached documentation supplied by Defendants was for National Collegiate Student Loan Trust 2006-3.

84. Defendants knew the documents filed in the collection action and sent to Plaintiffs was false, deceptive, or misleading.

85. Indeed, Plaintiff Martin, believing she was sued in error, wrote to Defendants RVO and Carson.

86. Defendants RVO and Carson responded with documents for Amber Martin and/or Raechel Hunt.

87. The inclusion of the documents for individuals other than the Plaintiffs confused them.

88.    Defendants misrepresented the real party in interest in the collection action to the Dodge County Superior Court and Plaintiffs.

89.    By not identifying the real party in interest, Defendants deprived Plaintiffs of critical information regarding who their creditors were and, thus, prohibiting them from making an informed decision regarding their course of action.

90.    Defendants provided Plaintiffs' with another person(s)' financial information in an effort to confuse, intimidate, or harass the Plaintiffs and other persons.

91.    Defendants misrepresented to the Dodge County Superior Court and Plaintiffs that there was meaningful attorney involvement in the preparation, review, and filing of the collection action.

92.    Defendants created confusion in the Plaintiffs by sending incorrect information regarding the alleged obligation on at least two occasions.

93.    Defendants communicated with the Plaintiffs by the service of a complaint and several written correspondences.

94.    Defendants communicated with the Plaintiffs by means of interstate commerce.

95.    The purpose of each and every communication from the Defendants to Plaintiffs was to collect a consumer debt.

96.    Defendants each acquired their interest in the debt after the debt was identified as being in "default."

97.    Defendants alleged in the collection action the debt was in default.

98.    At all times relevant hereto, Defendants regularly attempted to collect debts and, thus, are debt collectors.

## Causes of Action

## Count I – Violations of the Fair Debt Collection Practices Act

## 15 U.S.C. §§ 1692 et seq.

99.    Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

100.   Plaintiffs are each a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

101.   The Debt is a "debt" as that term is defined by 15 U.S.C.

102.   Defendants are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

103.   The collection action is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

104.   The response of Defendants RVO and Carson to Plaintiff Martin is also a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

105.   Defendants' use of the use of the written communication in the form attached as Exhibit "A" violated the FDCPA in one or more of the following ways:

    i.   Defendants violated 15 U.S.C. § 1692c(b) because the Plaintiffs were third parties with respect to the debts of Amber Martin and/or Raechel Hunt;

    ii.   Defendants violated 15 U.S.C. § 1692e(2), (10) and (14) by failing to identify the real party in interest in the collection action and subsequent communications;

    iii.   Defendants violated 15 U.S.C. § 1692e(5) and 1692f(1) by filing suit in the name of an entity that has no standing to sue under Georgia law; and,

    iv.   Defendants violated 15 U.S.C. § 1692e and 1692e(3) by not having any meaningful attorney involve in the preparation, review, and filing of the collection action and subsequent filings.

106.   Defendants' actions were intended to cause the Plaintiffs harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

107.   As result of Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages

in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant.

### Demand for a Jury Trial

108.   Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays for the following:

a) Actual, exemplary and statutory damages in an amount in excess of $20,000.00;

b) The award of costs and reasonable attorneys' fees pursuant to the FDCPA and O.C.G.A. § 10-1-391 *et seq*. in an amount to be proven at trial but in excess of $10,000.00;

c) Pre- and post-judgment interest, if applicable;

d) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted December 31, 2018.

**DANIELS LAW LLC**

/s/Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854
Counsel for Plaintiff

P.O. BOX 4939
Eastman, GA 31023
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com

rondanielslaw.com

           /s/ William D. Taylor, III
           William D. Taylor, III
TAYLOR LAW LLC        Georgia Bar No. 214325
PO Box 671
Dublin, GA 31040
(478) 353-1311
trey@wdtaylorlaw.com        ATTORNEYS FOR PLAINTIFF

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA                    )

                                    ) ss

COUNTY OF DODGE                     )

     Pursuant to 28 U.S.C. § 1746, Plaintiff Crystal Martin, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    December    31   , 2018
               Month           Day      Year

               Crystal Martin
               Signature

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF GEORGIA )

                               ) ss

COUNTY OF DODGE )

     Pursuant to 28 U.S.C. § 1746, Plaintiff Vickie Tiraboschi, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     _December_   _31_ , _2018_

               Month         Day      Year

               _Vickie C. Tiraboschi_

               Signature